1 PHILLIP A. TALBERT
United States Attorney
2 KAREN A. ESCOBAR
Assistant United States Attorney
3 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5

6 Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00316-JLT-SKO |
| --- | --- |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: TBD |
| DEVIN MICHAEL CUELLAR, | TIME: TBD a.m. |
|  | COURT: Hon. Jennifer L. Thurston |
| Defendant. |  |

16

17                    I.    **INTRODUCTION**

18  A.    **Scope of Agreement**

19      The indictment in this case charges the defendant with violations of 18 U.S.C. § 922(g)(1) –

20 Felon in Possession of Firearm and Ammunition ("Count One"); 18 U.S.C. § 922(g)(3) – Unlawful

21 User/Addict of Controlled Substance in Possession of Firearm and Ammunition ("Count Two"); 18

22 U.S.C. § 1363 – Destruction of Property ("Count Three"); 18 U.S.C. § 662 – Receipt of Stolen Property

23 ("Count Four"); 18 U.S.C. §§ 661, 2 – Theft ("Count Five); and 18 U.S.C. § 1001(a)(2) – False

24 Statements ("Count Six"). The indictment also contains a criminal forfeiture provision, pursuant to 18

25 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). This document contains the complete plea agreement

26 between the United States Attorney's Office for the Eastern District of California (the "government")

27 and the defendant regarding this case. This plea agreement is limited to the United States Attorney's

28 Office for the Eastern District of California and cannot bind any other federal, state, or local

prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count One of the indictment, which charges a violation of [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm and Ammunition. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Sentencing Recommendation

The defendant and his counsel may recommend whatever sentence they deem appropriate.

### C. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law

enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### D. Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Those assets include, but are not limited to, the following:

  a. J.C. Higgins, Model: 20, 12-gauge shotgun having a barrel of less than 18 inches in length and an overall length of less than 26 inches, no serial number;
  b. Four rounds of Winchester 12-gauge ammunition; and
  c. Two rounds of Sellier & Bellot 12-gauge ammunition.

The defendant agrees that the above-listed assets were involved in the commission of a violation of 18 U.S.C. § 922(g)(1).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense,

and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### E. Disposition of Certain Property

The defendant agrees to the return of any and all property identified by Yosemite National Park Rangers as stolen and found within the residence at xxxx Koon Hollar Road in Wawona to its rightful owner.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.C (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B. Recommendations

#### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable Guidelines range for his offense.

#### 2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes not engaging in any other criminal conduct prior to sentencing and the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

## C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Count One, being a convicted felon in possession of a firearm and ammunition:

1. The defendant knowingly possessed a firearm and ammunition;
2. The firearm and ammunition had been shipped from one state to another or between a foreign nation and the United States;
3. At the time the defendant possessed the firearm and ammunition, the defendant was a convicted felon; and
4. At the time the defendant possessed the firearm and ammunition, he knew he was a convicted felon.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is 10 years of incarceration, a fine of $250,000, a 3 year period of supervised release and a special assessment of $100.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the

defendant to serve up to two years of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Guideline Calculations

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the parties agree that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§3C1.1).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence, except as set forth herein.

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 120 months. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

### C. Impact of Plea on Defendant's Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes

PLEA AGREEMENT                              8

are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because defendant is pleading guilty to firearm charges, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.  ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.  APPROVALS AND SIGNATURES

### A.  Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 4/24/23

REED GRANTHAM
Counsel for Defendant

### B.  Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 4/21/23

DEVIN MICHAEL CUELLAR,
Defendant

C. **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated:

PHILLIP A. TALBERT
United States Attorney

By: _____
KAREN A. ESCOBAR
Assistant United States Attorney

# EXHIBIT "A"
## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between on or about May 26, 2021, and October 13, 2021, within Yosemite National Park, in Wawona, County of Mariposa, State and Eastern District of California, the defendant, knowing that he was a convicted felon, unlawfully possessed a firearm and ammunition.

Specifically, during that time frame, the defendant occupied a privately owned residence at xxxx Koon Hollar Road in Wawona without the permission of the owner. Yosemite National Park has exclusive jurisdiction over offenses committed upon privately owned parcels in Wawona, including the property that the defendant occupied. While staying at the residence, the defendant knowingly possessed three unspent 12-gauge buckshot ammunition rounds (one round of Winchester 12-gauge ammunition and two rounds of Sellier and Bellot 12-gauge ammunition) that Park Rangers found in a Ziplock bag during the execution of a search warrant at the residence on September 7, 2021. Additionally, on October 13, 2021, the rangers located a modified J.C. Higgins model 20, 12-gauge shotgun. The shotgun had been modified to shorten the barrel to less than 18 inches and the stock to an overall length of less than twenty-six inches. The shotgun was loaded with three Winchester shotgun shells in the magazine tube.

Photographs obtained from the defendant's Facebook account included the short-barreled shotgun. In addition, the defendant's DNA was found on the shotgun.

The shotgun was manufactured in Connecticut, the Winchester ammunition was manufactured in Illinois, and the Sellier & Bellot ammunition was manufactured in the Czech Republic. Thus, the firearm and ammunition traveled in interstate or foreign commerce. Because of the age of the firearm, it did not have a serial number.

At the time that he possessed the firearm and ammunition, the defendant, knowing of his status as a convicted felon, had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

(1) Carjacking, in violation of California Penal Code Section 215(a), on or about February 28, 2018, in Madera County, California, for which the defendant served three years in prison; and

(2) Possession of Controlled Substance for Sale, in violation of California Health and Welfare Code Section 11378, on or about November 5, 2019, in Fresno County, California, for which he served 32 months in prison.

Dated: 4/21/23

DEVIN MICHAEL CUELLAR,
Defendant